UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BONNIE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:23-cv-02062-SEB-MKK |
| | ) | |
| SANOFI-AVENTIS U.S. LLC, and | ) | |
| SANOFI US SERVICES INC. | ) | |
| f/k/a SANOFI-AVENTIS US, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**CASE MANAGEMENT PLAN**

**I.    Parties and Representatives**

   A.  Plaintiff: Bonnie Stewart
       Defendants: Sanofi-Aventis U.S. LLC; Sanofi US Services Inc.

   B.  Counsel for Plaintiff:

Russell W Lewis , IV
Pierce Jones
Johnson Law Group
2925 Richmond Avenue
Suite 1700
Houston, Tx 77098
(615) 200-1122
(713) 626-9336
Email: RLewis@johnsonlawgroup.com

Jeffrey Allen Hammond
Cohen & Malad LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Fax: 317-636-2593
Email: jhammond@cohenandmalad.com

   C.  Counsel for Defendants:

Jousef M Shkoukani
Shook, Hardy & Bacon LLP
111 South Wacker Drive
Suite 4700
Chicago, IL 60606
312-704-7700
Fax: 312-558-1195
Email: jshkoukani@shb.com

William Francis Northrip
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64018
816-474-6550
Email: wnorthrip@shb.com

Joel Thaddeus Larson, Jr.
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204
317-236-1313
Fax: 317-231-7433
Email: jtlarson@btlaw.com

Ladene Ivone Mendoza
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
Fax: (317) 231-7433
Email: ladene.mendoza@btlaw.com

## II.    Jurisdiction and Statement of Claims

### A.    Jurisdiction

The Parties agree that this court may exercise subject-matter jurisdiction over this case pursuant to 28 USC § 1332. This case comes before the Court on remand from In Re: Taxotere (Docetaxel) Products Liability Litigation, MDL 2740 (E.D. La., remanded on October 23, 2023). The Taxotere MDL was created on October 4, 2016, pursuant to 28 U.S.C. § 1407, by the Judicial Panel on Multidistrict Litigation and established in the United States District Court, Eastern District of Louisiana, before The Honorable Jane Triche Milazzo, to coordinate pretrial discovery among thousands of individually-filed product liability actions against manufacturers of the chemotherapy drug docetaxel (Taxotere), including Sanofi. Plaintiffs in MDL 2740 are women who allegedly sustained permanent hair loss after they used a regimen of chemotherapy drugs, including Taxotere, to treat their breast cancer. Plaintiffs assert products liability claims against Sanofi (and other manufacturers of the drug) alleging that Taxotere was defective because it failed to warn about certain risks associated with the drug.

On November 15, 2023, the MDL Court found that the "purposes behind consolidation [had] been served," and transferred 573 "Wave 2" cases to "the appropriate district courts" in accordance with 28 U.S.C. § 1404. In each of these 573 cases, including this case, limited case-specific discovery has been completed. The parties have not completed any fact witness or case-specific expert depositions to date.

### B.    Plaintiff's Claims

Plaintiff alleges that she was prescribed Taxotere to treat her breast cancer from September 28, 2009, to January 11, 2010, and that as a result of this treatment she suffered permanent hair loss. She alleges that Sanofi was aware that Taxotere had the potential to cause permanent hair loss but failed to adequately warn her or the healthcare providers who prescribed and administered the drug. Plaintiff filed her action on October 3, 2017.

### C.    Defendant's Position:

Plaintiff filed this lawsuit on October 3, 2017 and alleged that she was given Defendants' cancer chemotherapy drug, Taxotere, and that she suffered permanent hair loss as a result.

Defendants deny these claims. Defendant further believes that Plaintiffs claims are barred by Indiana's applicable statute of limitations.

Defendants intend to depose a number of fact witnesses and believe this matter can be resolved on summary judgment. Given the current timeline and the volume of Wave 2 cases, Defendants request that the Court consider December 23, 2023 as the anchor date for this scheduling order.

### III.     Pretrial Pleadings and Disclosures

A.     The parties state that initial disclosures are not necessary in this case due to prior discovery completed in the Taxotere MDL, and the parties in the Taxotere MDL waived initial disclosures.

B.     Plaintiff(s) shall file preliminary witness and exhibit lists on or before **August 23, 2024**.

C.     Defendant(s) shall file preliminary witness and exhibit lists on or before **September 3, 2024.**

D.     All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 23, 2024** [no later than 5 months from Anchor Date]. Given the extensive general discovery completed in the MDL to date, Sanofi opposes any motion to add parties and opposes any motion for leave to amend the complaint to the extent the amendment would alter fundamental allegations in the MDL master complaint.

E.     Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **May 23, 2024** [no later than 5 months from the Anchor Date]. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.     Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 23, 2024** [no later than 12 months from Anchor Date]. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **January 25, 2025** [no later than 13 months from Anchor Date].

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by

3

that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **July 1, 2025** [no later than 120 days prior to the proposed trial month].  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.   All parties shall file and serve their final witness and exhibit lists on or before **February 23, 2025** [no later than 14 months from Anchor Date].  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.   Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

The Parties do not anticipate substantial ESI in this case. General MDL discovery directed at Sanofi—which resulted in the production of more than 6.3 million pages of documents, depositions of dozens of current and former Sanofi employees, and responses to more than 160 written discovery requests—concluded in the MDL on December 15, 2018. While this body of general discovery remains available to plaintiffs for use in cases remanded from MDL 2740, no additional discovery against Sanofi shall be permitted post-remand.

To the extent that case-specific discovery on remand involves ESI, The parties agree to follow the ESI protocol established in the MDL.

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the

parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.     Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.     Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Defendants believe this case can be resolved through summary judgment. Defendants anticipate that many of Plaintiff's claims fail as a matter of law under the Indiana Product Liability Act, Indiana's learned intermediary doctrine, or other defenses under Indiana law. Defendant intends to present these arguments in its summary judgment motion after obtaining deposition testimony of relevant witnesses.

Defendant specifically believes that plaintiff's claims are time barred. Plaintiff last used Taxotere on January 11, 2010 but did not file her lawsuit until October 2017. Defendant believes a motion for summary judgment addressing the statute of limitations could be brought early, upon the completion of the depositions of Plaintiff and her treating oncologist. Defendant believes that judicial economy would be furthered by allowing defendant to bring this motion following those depositions, without prejudice to asserting other potentially dispositive arguments in a second motion for summary judgment brought at the close of discovery.

B.    On or before **October 30, 2024** [no later than 7 days after the non-expert discovery deadline], and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

**XX** Track 2: Dispositive motions are expected and shall be filed by **December 23, 2024** [no later than 11-12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by **October 23, 2024** [no later than 10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by **March 24, 2025** [no later than 15 months from Anchor Date]. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.  [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.

However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.      Pre-Trial/Settlement Conferences**

The parties respectfully submit that a court-appointed mediator in the MDL has been involved in the litigation for several years and is available for the parties as needed. However, the Parties are not opposed to participating in a settlement conference with a Magistrate Judge if the Court believes it would be helpful towards reaching a resolution.

**VI.     Trial Date**

The parties request a trial date in **November 2025**.  The trial is by **jury** and is anticipated to take **10-15 trial days.** Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.    Referral to Magistrate Judge**

A.      **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

B.      **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.    Required Pre-Trial Preparation**

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence                                  presentation                                  equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    Other Matters

There are no other matters that the parties wish to present at this time.


Respectfully submitted by counsel for each party,

/s/_____                        /s/_____
Russell W Lewis , IV                      Jousef M Shkoukani
Johnson Law Group                         Shook, Hardy & Bacon LLP
2925 Richmond Avenue                      111 South Wacker Drive
Suite 1700                                Suite 4700
Houston, Tx 77098                         Chicago, IL 60606
615-200-1122                              312-704-7700
                                          Fax: 312-558-1195
Jeffrey Allen Hammond                     Email: jshkoukani@shb.com
Cohen & Malad LLP
One Indiana Square                        William Francis Northrip
Suite 1400                                Shook, Hardy & Bacon LLP
Indianapolis, IN 46204                    2555 Grand Blvd.

(317) 636-6481
Fax: 317-636-2593
Email: jhammond@cohenandmalad.com

Pierce Jones
Johnson Law Group
2925 Richmond Ave
Ste 1700
Houston, TX 77098
713-626-9336

*Counsel for Plaintiff*

Kansas City, MO 64018
816-474-6550
Email: wnorthrip@shb.com

Joel Thaddeus Larson, Jr.
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204
317-236-1313
Fax: 317-231-7433
Email: jtlarson@btlaw.com

Ladene Ivone Mendoza
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
Fax: (317) 231-7433
Email: ladene.mendoza@btlaw.com

*Counsel for Defendants*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

11

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**